IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LESLIE A. SMITH                                                                                      PLAINTIFF

vs.                                               Civil No. 4:07-cv-04110

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Leslie A. Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for DIB and SSI on September 9, 2005. (Tr. 45-47, 267-270). Plaintiff alleged she was disabled due to a bulging herniated disc and back pain. (Tr. 65, 92). Plaintiff alleged an onset date of July 1, 2002. (Tr. 45, 267). These applications were initially denied on May 9, 2006 and were denied again on reconsideration on October 24, 2005. (Tr. 31-32,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

260-261).

On May 31, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 26-28). This hearing was held on March 20, 2007 in Texarkana, Arkansas. (Tr. 271-302). Plaintiff was present and was represented by counsel, Michael Angel, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had completed the ninth grade in school. (Tr. 278).

On August 23, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act from July 1, 2002 through March 31, 2006. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2002, her alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lower back pain with degenerative disc disease.[2] (Tr. 16, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-17). At the administrative hearing, Plaintiff claimed she could only sit for fifteen minutes (on average) without difficulty. (Tr. 291). Plaintiff claimed

---

[2] The ALJ also determined that Plaintiff had a history of mild depression but that her mild depression was "controlled with medications" and was non-severe. (Tr. 16, Finding 3).

2

she could only stand for ten to fifteen minutes (on average) before having to sit back down. (Tr. 291). Plaintiff claimed she could only walk about thirty minutes before having to rest. (Tr. 291-292). Plaintiff claimed she had difficulty lifting a gallon of milk. (Tr. 292). Plaintiff claimed she had problems climbing a flight of stairs. (Tr. 292). Plaintiff claimed she had difficulty cooking and had been suffering from headaches for a few years. (Tr. 293).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 943 (8th Cir. 1984). (Tr. 14-17). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations. (Tr. 16, Finding 4). The ALJ based this determination on several different findings, including the following: (1) Plaintiff was still able to clean houses despite her allegations of severe back pain; (2) Plaintiff was able to perform a wide range of daily activities despite her allegations of severe back pain; (3) Plaintiff's earning record was "not impressive"; and (4) none of Plaintiff's physicians had found she was disabled. (Tr. 14-15).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. (Tr. 15-17). Specifically, the ALJ determined Plaintiff retained the following RFC:

> The claimant retains the residual functional capacity for a full range of light, semi-skilled work. "Light" work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. A job in this category may require a good deal of walking or standing or sitting most of the time with some pushing and pulling of arm or leg controls. Semi-skilled work is where interpersonal contact is routine but superficial and the complexity of tasks is learned by experience with several variables. Semi-skilled work requires use of judgment within limits, and supervision required is little for routine tasks but detailed for non-routine tasks.

(Tr. 16-17, Finding 6). *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ then determined Plaintiff would be able to perform her Past Relevant Work ("PRW") as a payroll clerk. (Tr. 17, Finding 10). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 273-302). The VE reviewed Plaintiff's work history (Tr. 75-83) and testified that Plaintiff's PRW included work as a custodian (heavy, unskilled) (medium, as performed), maid (light, unskilled), directory assistance operator (sedentary, semi-skilled), payroll clerk (sedentary, semi-skilled), caregiver (medium, semi-skilled) (heavy, as performed), and cashier (light, unskilled). (Tr. 295-296). Based upon this testimony, the ALJ determined Plaintiff's RFC, age, education, and work experience did not preclude her from performing her PRW as a payroll clerk. (Tr. 17, Findings 10-11). Because Plaintiff could still perform her PRW, the ALJ determined Plaintiff was not under a "disability" as defined by the Act during the relevant time period. (Tr. 17, Findings 10-11).

On September 5, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On October 26, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On November 27, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 11, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) substantial evidence does not support the ALJ's decision because the ALJ improperly discounted Plaintiff's subjective allegations of disabling pain and (B) the ALJ failed to fulfill his duty under SSR 82-62 to fully question the claimant and develop the record regarding the physical and mental demands of Plaintiff's PRW. (Doc. No. 6, Pages 7-11). In response, Defendant claims the ALJ properly discredited Plaintiff's subjective complaints, and the ALJ properly developed the record in Plaintiff's case. (Doc. No. 7, Pages 4-11). This Court will address both of Plaintiff's arguments.

#### A. Plaintiff's Subjective Allegations

Plaintiff claims the ALJ improperly discounted her subjective allegations of disabling pain. (Doc. No. 6, Pages 7-9). Plaintiff claims her medical records, including her repeated treatment for her back impairment, support her claim that she suffers from severe back pain. *See id.* Plaintiff claims that "there is nothing in the record that indicated any belief that Ms. Smith was exaggerating the severity of her symptoms." *See id.* Plaintiff claims that "[h]ad it been her doctors' belief that she was malingering, it is highly improbable that she would have repeatedly been prescribed an

6

aggressive prescription medication treatment regimen that included Vicoprofin, Skelaxin, Hydrocodone, Darvocet, Celebrex, and Flexeril." *See id.*

In response, Defendant claims the ALJ properly evaluated Plaintiff's subjective complaints of disabling pain. (Doc. No. 7, Pages 4-9). Defendant claims Plaintiff's medical records *do not support* her alleged level of pain. (Doc. No. 7, Page 5). Defendant claims there was a lack of medical treatment during the period of alleged disability and Plaintiff's medications appeared to adequately treat her symptoms. *See id.* at 6-7. Furthermore, Defendant also claims Plaintiff's extensive daily activities were inconsistent with her allegedly disabling pain. *See id.* at 7. Defendant noted: "in addition to cleaning houses, Plaintiff has a wide range of daily activities, which include sewing, driving, vacuuming, sweeping, shopping, and paying bills. . . . Plaintiff also cooks, does crafts with artificial flowers, goes to church, takes care of her pet, and walks at least thirty minutes five days a week with a friend." *See id.* Based upon the following reasoning, this Court finds the ALJ properly evaluated Plaintiff's subjective complaints.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the following *Polaski* factors in his written opinion: Plaintiff's daily activities (Tr. 14); the intensity of her pain (Tr. 14-15); the precipitating and aggravating factors (Tr. 14), her medication (Tr. 14); and her functional restrictions (Tr. 12-16). The ALJ may not have evaluated all of these factors in great depth. However, in the Eighth Circuit, the ALJ is not required to evaluate all of the *Polaski* factors in great depth. *See Dunahoo v. Apfel,* 241 F.3d 1033, 1038 (8th Cir. 2001). The ALJ is only required to review those factors. *See id.* Then,

after reviewing those factors, as long as the ALJ gives "good reasons" for discounting Plaintiff's subjective complaints, this Court is required to defer to the ALJ's credibility determination. *See id.* (holding "[i]f the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to its judgment even if every factor is not discussed in great depth"). *See also Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that "[w]here conflicting allegations and claims exist, credibility findings are for the ALJ to make").

In this case, the ALJ gave several "good reasons" for discounting Plaintiff's subjective complaints, including the following: (1) Plaintiff was still able to clean houses despite her allegations of severe back pain; (2) Plaintiff was able to perform a wide range of daily activities despite her allegations of severe back pain; (3) Plaintiff's earning record was "not impressive"; and (4) none of Plaintiff's physicians had found she was disabled. (Tr. 14-15). Therefore, there is no basis for reversing this disability determination based upon the ALJ's evaluation of Plaintiff's subjective complaints.[4]

### B. ALJ's Development of the Record

Plaintiff claims the ALJ did not fulfill his duty under SSR 82-62 to fully develop the record regarding Plaintiff's ability to perform her PRW. (Doc. No. 6, Pages 9-11). Plaintiff argues, "SSR 82-62 requires that sufficient documentation be obtained to support the [ALJ's PRW] decision" and that the ALJ's decision "must be developed and explained fully." *See id.* at 10. Plaintiff argues that SSR 82-62 requires that three specific findings of fact be made regarding a claimant's ability to

---

[4] While Plaintiff has presented evidence in her appeal brief that tends to support her allegations of disabling back pain, this Court cannot reverse the ALJ's disability determination simply because evidence supports Plaintiff's claims. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001) (holding that a social security disability case should not be reversed simply because substantial evidence exists in the record that would have supported a different outcome). Instead, this Court should affirm an ALJ's credibility determination as long as there is substantial evidence supporting that credibility determination. *See id.* In this case, because there is substantial evidence supporting the ALJ's credibility determination, that credibility determination should be affirmed.

perform his or her PRW: (1) a finding of fact as to the claimant's RFC; (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a finding of fact that the claimant's RFC would permit a return to his or her past job or occupation. *See id.* Plaintiff claims the ALJ did not make these findings of fact and did not fulfill his duty under SSR 82-62. *See id.* Specifically, Plaintiff claims that the "ALJ simply made the cursory conclusion that Ms. Smith's past work as a payroll clerk was performed at the sedentary exertional level." *See id.*

In response, Defendant claims the ALJ properly evaluated Plaintiff's PRW pursuant to the requirements of SSR 82-62, and the ALJ properly relied upon Plaintiff's description of her PRW in determining its exertional level. (Doc. No. 7, Pages 9-11). Defendant argues that the vocational forms Plaintiff submitted to the ALJ reflect that her work as a payroll clerk was sedentary work: one hour of walking, one hour of standing, seven hours of sitting, and little lifting (heaviest weight lifted was less than ten pounds and weight frequently lifted was less than ten pounds). *See id.* Defendant argues the VE properly relied upon Plaintiff's responses in this vocational report in determining the exertional level of Plaintiff's PRW as a payroll clerk. *See id.*

This Court finds no error with the ALJ's evaluation of Plaintiff's PRW. In the vocational report she filed with the SSA, Plaintiff stated the exertional requirements of her PRW: walking one hour, standing one hour, sitting seven hours, and very little lifting and carrying. (Tr. 76). Plaintiff stated she "answered phones, received faxes, filled out reports, helped prepare payroll info." *See id.* Plaintiff's reported duties are consistent with the SSA's definition of "sedentary work," which requires lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a). The ALJ is permitted to rely upon a claimant's description of her PRW in a vocational report filed with the SSA.

10

*See Johnston v. Shalala,* 42 F.3d 448, 452 (8th Cir. 1994) (upholding the ALJ's reliance upon the vocational report forms completed by the claimant). Accordingly, the ALJ did not err in relying upon Plaintiff's description of her duties in this case.[5]

Furthermore, this Court cannot reverse and remand a disability determination due to the ALJ's failure to develop the record absent a showing of prejudice. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand"). In this case, even assuming Plaintiff could make a showing that the ALJ failed to fully and fairly develop the record in this case and failed to comply with the requirements of SSR 82-62, Plaintiff has still made no showing that she has been prejudiced by this failure. Plaintiff has made no showing that her PRW as a payroll clerk was performed at a light (or higher) exertional level, and that even if this work were performed at that level, her RFC would preclude her from performing her PRW as a payroll clerk.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and must be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of November, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5] The ALJ explained to Plaintiff the statements she made in her vocational report: "Q: Question. In this job how many total hours each day did you walk, answer one. Stand, one. Sit, seven. **That's the information he [the VE] used to say that it was primarily a sedentary job. A: Yes, sir.**" (Tr. 300) (emphasis added). During the hearing, Plaintiff did not dispute or wish to change her statements made in this vocational report. (Tr. 300-301). Therefore, there was no indication then, and there is no indication now, that the ALJ erred in relying upon the exertional restrictions Plaintiff stated in her vocational report.

11